**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Ronald S. Gellert (NJ 019321997)
Gellert Seitz Busenkell & Brown LLC
1201 N. Orange St., 3rd Floor
Wilmington, DE  19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

*Attorney for Defendant Tate's Wholesale, LLC dba*
*Tate's Bake Shop*

|  |  |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>      Plaintiff,<br>v.<br><br>Tate's Wholesale, LLC dba Tate's Bake Shop,<br><br>      Defendant. | Adv. No. 25-02282-MBK |

## ANSWER TO COMPLAINT

  Defendant Tate's Wholesale, LLC dba Tate's Bake Shop (the "Defendant") responds to the allegations set forth in the Complaint (the "Complaint") filed Thomas A. Pitta, as Trustee of the Sub-Trust A (the "Plaintiff") as follows:

**NATURE OF THE CASE**

1.      Admitted as to what the Plaintiff is seeking. Deny as to the Plaintiff's right to avoid the transfers.

2.      The Defendant states that paragraph 2 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 2.

**JURISDICTION AND VENUE**

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 is a recitation of plaintiff's legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 6.

**PROCEDURAL BACKGROUND**

7.      Paragraph 7 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 7.

8.      Paragraph 8 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 8.

9.      Paragraph 9 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 9.

10.     Paragraph 10 purports to summarize certain terms of a document docketed in this case, and as such Defendant states that the document speaks for itself and no response is required; notwithstanding the foregoing, Defendant denies that the claims asserted herein constitute Assigned Claims because the Defendant was a go-forward commercial counterparty with the Reorganized Debtor as contemplated in the Plan.

## THE PARTIES

11.     Paragraph 11 is a recitation of plaintiff's legal conclusions to which no response is required; however Defendant reiterates that this avoidance action is not an Assigned Claim under the Plan.

12.     Admitted.

## FACTUAL BACKGROUND

13.     Paragraph 13 reports the industrial scope of the Debtors, which Defendant cannot be certain is accurate, but is not aware of any misstatements contained therein; therefore Defendant can neither admit nor deny this allegation.

14.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 14 of the Complaint and therefore denies the same.

15.     Paragraph 15 purports to summarize certain terms of a document docketed in this case, and as such Defendant states that the document speaks for itself and no response is required.

16.    Paragraph 16 reports the business relationships between the Debtors and third parties, which Defendant cannot be certain is accurate, but is not aware of any misstatements contained therein; therefore Defendant can neither admit nor deny this allegation.

17.    The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 17 of the Complaint and therefore denies the same.

18.    The Defendant denies that the Exhibit referenced in paragraph 18 contains all relevant details of the various transactions and further denies that it contains reference to all relevant transactions between the Defendant and the Debtors. Notwithstanding such denial, the Defendant admits that one or more of the Debtors and Defendant conducted business with one another.

19.    The Defendant denies that the Exhibit referenced in paragraph 19 contains all relevant details of the various transactions and further denies that it contains reference to all relevant transactions between the Defendant and the Debtors. Notwithstanding such denial, the Defendant admits that it has been the recipient of Transfers from the Debtors.

20.    Paragraph 20 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 20.

21.    Defendant denies receipt of the Demand Letter.

22.    Defendant did not receive the Demand Letter and therefore is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 22 of the Complaint and therefore denies the same.

23.     Paragraph 23 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies that any of the Transfers may be avoided.

25.     Paragraph 25 does not contain an allegation and therefore no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 25.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

26.     Defendant incorporates its response to the allegations set forth in the paragraphs above.

27.     The Defendant denies that the Exhibit referenced in paragraph 27 contains all relevant and accurate details of the various transactions and further denies that it contains reference to all relevant transactions between the Defendant and the Debtors, notwithstanding that denial, Defendant admits receipt, at some point, of some transfers but not that they are necessarily in the amounts identified on said Exhibit A.

28.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 28 of the Complaint and therefore denies the same.

29.     Admitted.

30.     Admitted.

31.     Denied.

32.     The Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 32 of the Complaint and therefore denies the same.

33.     The Defendant denies that the Exhibit referenced in paragraph 33 contains all relevant and accurate details of the various transactions including the dates of the Transfers.

34.     The allegation of paragraph 34 is founded on a legal conclusion based on a factual assertion which itself is predicated on financial estimates and projections which by their nature are both unlikely to be, and do not seek to be, factually accurate; therefore no response is required but if one is, the same is Denied.

35.     Denied.

### COUNT II
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

36.     Defendant incorporates its response to the allegations set forth in the paragraphs above.

37.     The allegations of paragraph 37 of the Complaint state legal conclusions to which no response is required under the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure, as applicable.

38.     Denied.

### COUNT III
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

39.     Defendant incorporates its responses to the allegations set forth in the paragraphs above.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

43.    Defendant incorporates its responses to the allegations set forth in the paragraphs above.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

## AFFIRMATIVE DEFENSES

1.    Pursuant to 11 U.S.C. §547(c)(1), Plaintiff may not avoid the transfers alleged herein to the extent some of the transfers were made for contemporaneous exchanges for new value given to the Debtors, and, in fact, were substantially contemporaneous exchanges for new value.

2.    Pursuant to 11 U.S.C. §547(c)(2)(A), Plaintiff may not avoid the transfers alleged herein because the transfers were made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant.

3.    Pursuant to 11 U.S.C. §547(c)(2)(B), Plaintiff may not avoid the transfers alleged herein because the transfers made between the Debtors and Defendant were made under terms which are ordinary in the industry.

4.    Pursuant to 11 U.S.C. §547(c)(4), Plaintiff may not avoid the transfers alleged herein to the extent that, after the transfers were made, the Defendant subsequently shipped goods constituting new value to or for the benefit of the Debtors.

5.    The Plaintiff may not recover on its claims to the extent Defendant has a right to offset or recoup any amounts it may owe the estate against any amounts the estate may owe it.

6.      The Debtors' receipt of goods and/or services from Defendant and the payments therefore were necessary for the preservation of the estate pursuant to 11 U.S.C. §502(B)(1)(A).

7.      The Defendant reserves the right to add such additional affirmative defenses as they become known through additional discovery and/or investigation.

### PRAYER FOR RELIEF

A.      Defendant prays that the Court dismiss each claim in the Complaint without leave to amend;

B.      Defendant prays that the Plaintiff take nothing by the Complaint;

C.      Defendant prays that it be awarded its costs and expenses including, without limitation, its reasonable attorneys' fees to the extent permitted by applicable law;

D.      Defendant prays that the Court deny Plaintiff's request for interest on any judgment;

E.      Defendant prays that the Court deny Plaintiff's claim regarding disallowance of claims;

F.      Defendant prays that the Court grant Defendant any other further relief as the Court deems just and proper.

Dated: November 14, 2025

**GELLERT SEITZ BUSENKELL & BROWN LLC**

_/s/ Ronald S. Gellert_
Ronald S. Gellert (NJ 019321997)
1201 N. Orange St., 3rd Floor
Wilmington, DE  19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

_Attorney for Defendant Tate's Wholesale, LLC dba Tate's Bake Shop_

4899-5208-5109, v. 2